GUIDRY, J.i
dissenting in part.
hi respectfully dissent from that portion of the opinion finding that attorney fees should be awarded in accordance with La. R.S. 13:5111 rather than La. R.S. 38:301(C)(2)(f). None of the jurisprudential authority relied on in the opinion directly deal with the application of La. R.S. 38:301(C)(2)(f) vis-a-vis La. R.S. 13:5111. Instead, the cited “levee” cases from the Fourth Circuit are based on .takings made under La. R.S. 38:387 E (under the Part V, titled “Expropriation by Declaration of Taking”) and La. R.S. 29:721 et seq. (the “Louisiana Homeland Security and Emergency Assistance and Disaster Act”).
Moreover, the First Circuit case cited as authority for applying La. R.S. 13:5111 is a case that does not involve a levee. And finally, I disagree with the majority’s apparent conclusion that La. R.S. 13:5111 is more specifically directed to the matter than La. R.S. 38:301, which inarguably applies in this case as it is applied to decide the issue of the just compensation due to the property owner. I believe that La. R.S. 38:301(C)(2)(f) is the statute more specifically directed to the matter, as this matter, as noted in the opinion, .specifically involves land taken for levee purposes. Whereas, La. R.S. 13:5111 appears to be the more general statute in this instance as it is directed to any appropriation by a governmental entity .and |2not just appropriations for levee purposes. Thus, for the foregoing reasons, I dissent from that portion of the opinion regarding the award of attorney fees in this matter.